UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARLENE WILSON,

       Plaintiff,                                 Case No. 14-cv-12677
                                                 Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**ORDER (1) SUSTAINING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (ECF #23); (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #19); (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #20); AND (4) REMANDING CASE FOR FURTHER PROCEEDINGS**

In this action, Plaintiff Arlene Wilson ("Wilson") alleges that the Social Security Administration wrongly denied her application for Social Security Disability and Disability Insurance Benefits. After the parties filed cross-motions for summary judgment, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he recommended that the Court (1) grant summary judgment in favor of Defendant Commissioner of Social Security (the "Commissioner"), and (2) deny Wilson's motion for summary judgment. (*See* ECF #22.) Wilson filed a timely objection to the R&R (the "Objection"). (*See* ECF #23.) The Court has conducted a *de novo* review of the portions of the R&R

1

to which Wilson has objected. For the reasons stated below, the Court **SUSTAINS** the Objection (ECF #23), **GRANTS** Wilson's motion for summary judgment (ECF #19), **DENIES** the Commissioner's motion for summary judgment (ECF #20), and **REMANDS** the matter to the Commissioner for further proceedings consistent with this Order.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1988, Wilson was involved in a car accident in which she fractured her coccyx and suffered multiple pelvic fractures. (*See* Admin. R. at 230, ECF #6-7 at 75, Pg. ID 260.) Wilson alleges that she has experienced lower back pain since the accident. (*See id.*) On October 1, 2002, Wilson left her job as a life insurance sales agent due to her back pain. (*See* Admin. R. at 28, ECF #6-2 at 29, Pg. ID 53.) Wilson has not worked since that date. (*See id.*)

On March 8, 2012, Wilson filed an application for a period of disability and Social Security disability insurance benefits. (*See* Admin. R. at 14, ECF #6-2 at 15, Pg. ID 39.) Wilson also filed an application for supplemental security income on March 13, 2012. (*See id.*) In both applications, Wilson alleged that she has been disabled since October 1, 2002, due to the pain that resulted from her 1988 car accident. (*See id.*)

The Social Security Administration initially denied Wilson's claim on June 1, 2012. (*See id.*) On June 26, 2012, Wilson then filed a written request for a

hearing before an Administrative Law Judge.  (*See id.*)  Wilson's hearing was held on February 11, 2013, before Administrative Law Judge Andrew G. Sloss (the "ALJ").  (*See* Admin. R. at 24, ECF #6-2 at 25, Pg. ID 49.)  At the hearing, Wilson testified that she has suffered from prolonged back pain that has impaired her ability to sit, stand, and walk.  (*See id.* at 29-33, ECF #6-2 at 30-34, Pg. ID 54-58.) When Wilson was asked whether she could sit for long periods of time, she responded that she could not and that she had to elevate her feet above waist level or lie down to prevent her legs from falling asleep when sitting.  (*See id.* at 32-33, ECF #6-2 at 33-34, Pg. ID 57-58.)

The ALJ also considered medical evidence from two physicians, Dr. Harold Nims and Dr. B.D. Choi.  (*See* Admin. R. at 18-19, ECF #6-2 at 19-20, Pg. ID 43-44.)  Dr. Nims offered his assessment after examining Wilson.  Dr. Nims concluded that Wilson's

> chronic lower back and pelvic pain limits the function of her lower extremities.  Her ability to walk and even sit is compromised by her problems with her coccyx primarily. She was able to perform her self-care skills and to accomplish light chores, though she does have to take her time. . . . She does seem capable of non-strenuous activities, which require *a minimum* of walking and *standing*.  *She also must continually change positions when sitting due to her pain from her coccyx.*  The claimant's ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects is moderately impaired . . . .

3

  
(Admin. R. at 234, ECF #6-7 at 79, Pg. ID 264; emphasis added.)

Dr. Choi offered his opinion after reviewing Wilson's medical records. (*See* Admin. R. at 46-54, ECF #6-3 at 9-17, Pg. ID 72-80.) In contrast to Dr. Nims, Dr. Choi opined that Wilson could both sit and stand (with normal breaks) for a total of about six hours in an eight-hour work day. (*See* Admin. R. at 51, ECF #6-3 at 14, Pg. ID 77.)

In addition, the ALJ heard testimony from a vocational expert (the "VE") during the February 11, 2013 hearing. The ALJ asked the VE the following hypothetical question:

> Q:   I would like to ask you a hypothetical question. I'd like you to assume a person of the claimant's age and education and past work, who is able to perform light work, except that she can only occasionally climb, balance, stoop, crouch, kneel or crawl. Could such a person perform the claimant's past work?
>
> A:   Yes.

(Admin. R. at 36, ECF #6-2 at 37, Pg. ID 61.)

On March 25, 2013, the ALJ issued a written decision in which he determined that Wilson was not disabled and was therefore not entitled to benefits (the "ALJ's Decision"). (*See* Admin. R. at 20, ECF #6-2 at 21, Pg. ID 45.) The

ALJ followed a five-step analysis[1] and made the following findings: (1) Wilson has not engaged in substantial gainful employment since her alleged disability onset date (October 1, 2002) (*see id.* at 16, ECF #6-2 at 17, Pg. ID 41); (2) Wilson did suffer from a severe impairment – degenerative disc disease (*see id.*); (3) Wilson's impairment did not presumptively entitle her to disability benefits under the Act (*see id.* at 17, ECF #6-2 at 18, Pg. ID 42); (4) Wilson had the residual functional capacity ("RFC")[2] to "perform light work as defined in [20 C.F.R. §§ 404.1567(b), 416.967(b)] except occasional climbing, balancing, stooping, crouching, kneeling or crawling" (*id.*); and (5) Wilson was capable of performing past relevant work as a life insurance sales agent (*see id.* at 20, ECF #6-2 at 21, Pg. ID 45).  The ALJ explained that in reaching his conclusion, he assigned "great weight" to the opinions of both Dr. Nims and Dr. Choi.  (*See id.* at 19, ECF #6-2 at 20, Pg. ID 44.)

On July 9, 2014, Wilson filed her Complaint in this Court challenging the ALJ's Decision. (*See* ECF #1.)  The parties later filed cross-motions for summary judgment. (*See* Pl.'s Mot. Summ. J., ECF #19; Def.'s Mot. Summ. J., ECF #20.)

---

[1] The Social Security Act's five-step analysis is codified in two Federal Regulations at 20 C.F.R. §§ 404.1520, 416.920 and is provided in the R&R (*see* ECF #22 at 9-10, Pg. ID 450-51).

[2] A claimant's RFC is the "most [a claimant] can still do despite [her] limitations." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 650, 643 (6th Cir. 2006) (quoting 20 C.F.R. § 404.1545(a)(1)).

The Magistrate Judge then issued the R&R in which he recommended that the Court grant the Commissioner's motion for summary judgment and deny Wilson's motion for summary judgment.  (*See* ECF #22.)

On May 13, 2016, Wilson filed her Objection to the R&R.  (*See* ECF #23.) Wilson has made only a single objection to the R&R.  She argues that while the ALJ purported to assign "great weight" to Dr. Nims' opinion, the ALJ's RFC determination and the ALJ's hypothetical question to the VE did not accurately reflect limitations and restrictions identified by Dr. Nims.  More specifically, Wilson complains that even though Dr. Nims opined that she could do only "minim[al]" standing, the ALJ's RFC found that she was capable of performing "light work" – which, by definition, typically includes "a good deal of walking and standing" under 20 C.F.R. §§ 404.1567(b).  Likewise, Wilson complains that even though Dr. Nims opined that Wilson must continually change positions while sitting, "there was no mention of any limitation as to sitting in the RFC or the hypothetical question posed to the [Vocational Expert at the hearing before the ALJ]."  (Objection at 4, ECF #23 at 4, Pg. ID 459.)

Wilson asks the Court to remand this matter to the ALJ to reevaluate Wilson's RFC and to reformulate the hypothetical question to the VE.  (*See id.* at 6, ECF #23 at 6, Pg. ID 461.)

6

## GOVERNING LEGAL STANDARD

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .") Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r of Soc. Sec.*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

7

## ANALYSIS

The Court agrees with Wilson that a remand is appropriate so that the ALJ may either (1) modify the RFC and hypothetical question so that they accurately reflect the limitations on sitting and standing identified by Dr. Nims, or (2) explain why he chose not to include Dr. Nims' sitting and standing limitations in the RFC and hypothetical question despite assigning "great weight" to Dr. Nims' opinion.

The RFC and the hypothetical question to the VE serve related but distinct functions:

> [The] RFC is to be an "assessment of [the claimant's] remaining capacity for work" once her limitations have been taken into account. 20 C.F.R. § 416.945. It is an assessment of what [the claimant] can and cannot do, not what she does and does not suffer from. The hypothetical question posed to a VE for purposes of determining whether [the claimant] can perform other work, on the other hand, should be a more complete assessment of [the claimant's] physical and mental state and should include an accurate[ ] portray[al] [of her] individual physical and mental impairment[s]. Thus, while the RFC should focus on [the claimant's] abilities or, in other words, what [the claimant] can and cannot do, the hypothetical question should focus on [the claimant's] overall state including [the claimant's] mental and physical maladies.

*Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (citations and quotations omitted).  Importantly, both the RFC and the hypothetical question to the VE must accurately describe the claimant's abilities and limitations.  *See Howard*, 276 F.3d at 240; *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d

777, 779 (6th Cir.1987) (hypothetical question must accurately portray claimant's physical and mental impairments).

The Court cannot conclude that the RFC and the ALJ's hypothetical question to the VE accurately reflected Wilson's limitations and abilities. As noted above, Dr. Nims identified substantial limitations on Wilson's ability to stand, and he opined that Wilson would have to change positions continually when sitting. And despite the fact that the ALJ assigned "great weight" to Dr. Nims' opinion, the RFC and hypothetical question reflected neither of these limitations.

It is certainly possible, as the Commissioner argues, that the ALJ assigned more weight to the opinion of Dr. Choi than to the opinion of Dr. Nims and that the ALJ framed the RFC and hypothetical question based on Dr. Choi's opinion. But the ALJ's Decision does not make that clear, nor does it offer any reasoned analysis as to why the ALJ adopted Dr. Choi's opinion over the conflicting opinion of Dr. Nims. And when there is a conflict in the record, "the adjudicator must [] explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184, at *7.

On this record, the Court concludes that the ALJ's Decision is not supported by substantial evidence and that a remand to the ALJ is necessary. On remand, the ALJ shall either (1) reformulate the RFC and hypothetical question so that they reflect and/or account for the limitations on sitting and standing identified by Dr.

Nims, or (2) explain why he chose not to include those limitations in the RFC and hypothetical question even though he assigned "great weight" to Dr. Nims' opinion.

## **CONCLUSION**

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Wilson's Objection (ECF #23) is **SUSTAINED**;

- Wilson's motion for summary judgment (ECF #19) is **GRANTED**; and

- The Commissioner's motion for summary judgment (ECF #20) is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is remanded to the Commissioner for further proceedings consistent with this Order.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

10